Alhassad v. Nationstar Mortgage Good morning. May it please the Court, Maury Udell on behalf of Sarah Alhassid. I'm at a loss. I'm very honored to be here, but considering I didn't ask for our argument and the Nationstar kind of poo-pooed it, there's two outcomes for me. One, I'm here for basically a thrashing by the Court, which I could take, or two, I may have a point, which I think maybe from reading the briefs I think . . . Let me help you with that. When we schedule oral argument, it's because we've read the briefs and we think they're serious issues, and you're not here for a thrashing. You're here to help us understand the case and make the proper decision. I appreciate that, Your Honor. Okay. We often have oral argument, even when it's not requested, because the Court has concerns. I appreciate that. It happens all the time. I appreciate that. The purpose is to help us. You've got a big record here. You've got six counts. You've got lots going on in this case. You've got a secondary appeal. It's very complicated. We're doing 20 cases this week to make sure we understand the case. Understood. This is a very serious matter and a serious proceeding. Understood. I'm just trying to make a little joke for myself, and I apologize. No, no, but you just should understand that we are looking for all the help and guidance we can get from counsel. Understood. If it appears on the oral argument calendar, as Judge Hull said, it is because the Court thought there was something that would be illuminated by oral argument, that we had a problem with an issue, we weren't clear on the record, and we thought maybe the dialogue would help us reach the right answer. And I hope it does. With that, fire away. Thank you. I think the main issue and the words that I try to live by are, you mean what you say, and you say what you mean. When NationStar sent this letter, two letters to my client, saying this debt collector, and this is for debt collection activity, for the Court to turn around and simply interpret that at the motion to dismiss stage as being not debt collection activity, I think is error. I think the document specifically asks for an amount. It says if you don't do a certain thing, we're going to charge you. This is a reverse mortgage, remember. The reverse mortgage specifically charges the client. The client doesn't get a bill every month to pay, they get charged. So according to the document, the equity is charged $5,000 if she does not respond. And as our position, she had no duty to respond under the mortgage at all. Specifically, the only duty she had to do was advise, one, if there's a loss, or if there's a lapse in insurance. And if you look at the document, they actually have the carrier, Philadelphia Indemnity Insurance Company, on each of the notices sent to Ms. Al-Hasid. So they know who the alleged insurance company is. Well, I'm just looking at the document itself. Which one? I'm looking at the second notice, say, of the flood insurance requirement. Okay, the 321. And it's stamped May 4th, 2015. There are other documents, but that's just, let's take that one. Okay. By way of example. Goes to Sarah Al-Hasid, it has the loan number, it has the location of the property. Correct. It's not called a debt, it doesn't say anything about a debt. It characterizes itself as being a notice. It says, second notice of flood insurance requirement. Dear Sarah, it says, about a month ago we notified you that the federal law requires all mortgage properties determined to be located in a special flood hazard area, must be covered by flood insurance policy. We stated, if you did not respond within 45 days, it may be necessary for us to obtain flood insurance on your behalf. Our records show that we have not received evidence of continued flood coverage. The federal law requires flood insurance be purchased. This letter is to remind you that we have not received evidence of a continuous flood insurance coverage. And if you do not respond within 15 days, we may purchase at your expense the flood insurance. The premium would be $5,002 for insurance coverage in the amount of $250,000. Please forward a copy of your flood insurance policy declarations page to the address below, etc. Where is there a demand for a debt to be repaid, as opposed to a notice that the mortgagee was obliged to purchase and had not purchased flood insurance? How does that come close to being a demand for the payment of a debt? I believe the issue really is they're asking her to provide a document, specifically saying you need to produce proof of insurance. If you don't, you will be in default. At the bottom- Doesn't paragraph two of the mortgage require her to provide evidence of payment of the insurance premiums? I believe that the homeowners, the rider, allows the rider to the mortgage. The rider allows the condominium association to take care of the obligation to have the insurance, but as I read payment and property charges in paragraph two, it's pretty clear that flood and hazard insurance premiums payments, you should provide evidence of payments to the lender. It seemed to me that that was the clear right of the old mortgage holder to send her the notice saying, please give us this evidence. You have an obligation to give it to us. I don't believe it does. I think the fact that we allege in the complaint that they had the evidence- Forget about that. They may have had it, but they may have mislaid it or didn't think they had it. Is it a debt collection to send a request for evidence even though you have the evidence in hand? That's not a debt collection. That's asking for the evidence. The problem I see is if you're asking for something and threatening a default by not producing it when you actually have it, which is what is alleged, that is the violation. A prospective default. Correct. You're threatening- A future debt. You're threatening somebody. You're saying, we are going to charge you $5,000. To collect for a debt that isn't due and payable at the moment, but might be due and payable possibly later. If you do not provide this information, which we believe we don't have to since we've alleged in the complaint, you know. What happens if I disagree with you, if the contract clearly requires you to provide that evidence? I think I have a problem. You do have a problem. I think I have a problem, honestly. But I think the way the letter's written and the fact that the letter specifically says, we are a debt collector. This is an attempt to collect the debt. And to simply look at it and say, at the motion to dismiss stage, I'm going to ignore that. All of this is viewed through the eyes of a reasonably unsophisticated reader, correct? Correct. The least sophisticated consumer. The standard are. Correct. The least sophisticated consumer. And when this- The least sophisticated consumer is not stupid. Correct. Correct. And so, if the least sophisticated consumer believes that the insurance is all paid, that there's no obligation to pay it, there's no obligation to return, how could they possibly think they're trying to collect something? Because they're specifically threatening them to put a charge on their account. This is a reverse mortgage. They're going to charge your account $5,000. It's not going to send you a bill for $5,000. It's charging her equity $5,000. That's the problem. And when they put in their document, this is an effort to collect a debt. It certainly is. They could just as easily put in their document, this is not an effort to collect. It would seem to me that in answer to your question of you asking why am I here, the answer is because there is this odd letter where there is at the bottom of the boilerplate language. Correct. Put in the mind of the unsophisticated consumer that they were trying to collect a debt. Absolutely, your honor. Short of the matter is, if they're not trying to collect a debt, then the threat is harmless, right? That is true. However, at the motion to dismiss stage, I don't think you can jump to that conclusion. And that's our problem with what the court did. Because the court- It's a document. Why can't the court, at summary judgment, interpret the document to determine whether or not it constitutes an attempt to collect a current debt? At the summary judgment stage, I agree. This was at the motion to dismiss stage. It was a 12B6 motion to dismiss. What else is necessary besides the pleading? It was then converted, based on our position, it was converted into a motion to dismiss. Right, but the law is clear. You attached to your complaint, did you not? Absolutely, yes, we did. A copy of paragraph 25 of your complaint says, defendant sends its borrower's letters. Attached as exhibit A and B are examples of letters sent to Al-Hasid, dated April the 30th, 15, March 21, 16. So you attached to the complaint itself, as exhibit A, this document from which I was reading and from which Judge Clevenger was agreeing. There's no question that the court could properly review this document, even on a motion to dismiss, without it being converted into a motion for summary judgment under Rule 56, right? You agree with that? Absolutely agree, but I seem out of time. That's all right. At the motion to dismiss, viewing the facts in the light most favorable to my client, when the document says specifically, and the allegations say specifically, they sent this letter to collect a debt, this letter at the bottom, the boilerplate language, is the boilerplate language. They could just have easily put in there, and if you look at the case, I think the court relied on in making its ruling, that letter says this is a document not to collect a debt. That's what he relied on that case. If you read the, I believe it's the Prosker case, in his order, in his docket order. It specifically says, this is a letter not to collect a debt, and he said, well, that's just a notice. We get it, and that's what our position is. It may just be a notice at the summary judgment stage. You may be right, but at the motion to dismiss stage, it is not, and viewing the facts in the light most favorable to my client. If you put that language in your letter, by its terms, it is a document designed to collect a debt. Thank you very much, and you have reserved five minutes for rebuttal. Good morning, your honors. Christopher Carver, Aikerman LLP, Alicia Starr. The record in this case is fairly small. It is on a motion to dismiss. I think the issue here is, at least as framed by appellant's counsel, whether or not the language at the bottom makes a difference. I submit the court doesn't get there unless the Fair Debt Collection Practices Act applies. And the Fair Debt Collection Practices Act does not apply here because Nation Star is not a debt collector under the act, because it was servicing a loan that was not in default, and as this court recognized in the Hellman decision just a few weeks ago- Did you rely on that on the pleadings? I'm sorry, I didn't hear you. At the end, the case goes off here on the pleadings. Yes. The complaint failed, so the judge can look at the background law and then look at the facts? Absolutely, your honor. And the facts, as you assert them? No, your honor, the facts- As to whether the time in which the mortgage was created, et cetera? Your honor, the time that Nation Star began servicing the debt, and there is no allegation that the debt was in default, but the time that Nation Star began servicing is in the complaint, I think- Right, the complaint, though, says that the defendant, Nation Star, does business as, quote, champion mortgage. And the complaint then says, the defendant, that is, champion mortgage, sends its borrower's letters, and it goes on to say, among the letters are exhibits A and B. It attaches exhibit A to the complaint, and it says at the bottom of the letter- See, I think it would be an easy case if you didn't have the boilerplate language at the bottom, but it does include the language, and it does say at the bottom, and I quote, champion mortgage is a debt collector. It doesn't stop there. It goes on to say, this is an attempt to collect a debt, and any information obtained will be used for that purpose. However, if you're currently in bankruptcy or have received a discharge, this communication is not to attempt to collect a debt. But if you're not in bankruptcy, this is an attempt to collect a debt from champion mortgage, which is characterized out of its own mouth as a debt collector. Why wouldn't that leave a normal, reasonable, unsophisticated homeowner to think that this is, in fact, a dunning letter? They're looking to collect a debt. I owe five grand for it. If I don't pay it, they will, and they're going to go after me for it. Why wouldn't that be the kind of thing that a borrower would normally think? And if the answer is, well, it's debatable, etc., was this appropriate to dump on a motion to dismiss? Your Honor, it was appropriate to dump on a motion to dismiss. The district court correctly found that any amendment would be futile. They have not identified in the district court or in this court any possible thing that they could have added to- No, no, I accept that. What you see is what you get. There's nothing better that's going to come down the road in an amendation. I'm simply asking why this isn't sufficient here and now, having characterized, the defendant having characterized itself as a debt collector, involved in this communication with the specific intent to collect debt. And the reason, Your Honor, is that under the least sophisticated consumer test, which, in fact, Your Honor was on the panel that has repeatedly cited the LeBlanc case, you are entitled to be unsophisticated. You are not entitled to be blind to the other evidence and information that you have. There is nothing in this letter that is an attempt to collect a debt. If I'm a debt collector and I characterize my letter as being an effort to collect debt, but in fact, if you look behind it, all you're really saying is, here's notice. You got to go buy flood insurance. That isn't the collect. A reasonable person, unsophisticated, could not possibly conceive of that as being a debt collection? Your Honor, two things. One, you are correct in the end. It's not not possibly conceived. That's not the standard. And in fact, this court, in a decision, Your Honor, author to the St. Bill case, says just because it's described as something doesn't necessarily mean you have to ignore all of the other evidence. The definition is controlled by the defined. I think that's the language. And the Tenth Circuit and... Go back to the case that you're making reference to. Was there a comparable exhibit like A, which says, we're a debt collector, and this very letter is an attempt to collect a debt? And indeed, the information you give us will be used for the purpose of collecting a debt. I do not think that that was there, but... Trust me, it wasn't. Okay. And Your Honor, I certainly trust you. But again, we are going a few steps too far here. This language at the bottom of the letter only becomes important at all if the Fair Debt Collection Practices Act could apply here. It can't apply here because it doesn't apply to an entity in NationStar's position servicing a debt that is not in default. So you don't get to the least sophisticated consumer test unless you find that the Fair Debt Collection Practices Act apply. And on the face of the complaint, you can see that because NationStar was serving a debt that is not in default, and there's never been an allegation here that the debt was in default. In fact, to the contrary, the argument is that the implicit threat of the letter could potentially, in the future, if there weren't enough money, put the debt into default. The debt's not in default. NationStar is servicing a debt that is not in default, and therefore, the FDCPA does not apply. Are we... Do we impute that legal test into the mind of the unsophisticated reader? Your Honor, you don't get to the mind of the unsophisticated reader if the FDCPA, as a matter of law, does not apply. And even under the least sophisticated consumer test, the least sophisticated consumer is required to use her other information reasonably. And the other information that she has here is what Your Honor pointed out, which is that the condominium writer does not excuse her clear contractual obligation to provide evidence of payment to the lender. That she didn't do. That is what NationStar was entitled to request. And I will point out that in the opposition to the motion to dismiss, Ms. Al-Hasid admits that NationStar was required to comply with the Code of Federal Regulation because compliance with that was a... That's another matter that's not in the mind of the unsophisticated consumer. And the judge relied on that legal obligation that your client had. Your Honor, my point is that that legal... Proper to rely on that at the pleading stage? Absolutely, Your Honor. When the statement in the motion, in the opposition to the motion to dismiss, is that the CFR is a conditioned precedent to NationStar sending the letter. That is an admission that to send that letter, NationStar was required by the applicable regulations to send that letter at the time that it was sent. And with respect to, Your Honor, Judge Marcus, the question about the demand for payment, the numerical amount, $5,000, is only in one of the two letters. Right. And this whole discussion started with Mr. Udell with the court noting that that letter says, second notice. The reference line in both of these letters is a notice. This was the... Let me go back to the statute and the definition of the word debt. You say this can't be a debt because they weren't in default. It's as simple as that, right? Depending on the this you mean, no, I'm saying that the FDCPA doesn't apply because NationStar was servicing a debt that was not in default. The debt was...  Let's look at the definition. The term debt, I'm quoting now from Section 1692A5 of Title 15 of the U.S. Code. The term debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. It doesn't explain what is meant by in connection with the collection of any debt. And we've not established any bright line rule for determining whether a communication from a debt collector is made in connection with the collection of any debt. I'm just asking why a reasonable consumer might not look at this and say, they say I owe 5,000 bucks to buy the flood insurance. I didn't buy the flood insurance. They're giving me a dunning notice and demanding that I make payment. And they tell me they're a debt collector, and this is an effort to collect. A reasonable consumer, Your Honor, would, I submit that the least sophisticated consumer is the test. There is an express objective component, and objectively, that is not a reasonable reading for several reasons. One, there is no means in this letter to make payment to NationStar. There is no request in this letter to make payment to NationStar. There is a means. They take it against the mortgage. It would be, if you do not. There's a, the $5,000, if and when it becomes due and payable, there's a means to collect it stated in the letter. Well, there is a means for that to be added to the balance. Well, then that's how it comes. But for a reasonable person to read this letter as Judge Marcus is having the letter read, that is a very sophisticated reading. But there is no means for anyone getting this letter to have the ability to write a check to anyone because that information is not in this letter. The letter is very benign. Yes, it does have this letter, the language in small print at the bottom, which is not that much different than the print of the letter. But the letter, both of these letters are clearly informational requests. They're, we don't have this information. Please provide this. Well, don't you think you could read this as saying, A, we don't have this information. B, you're obliged to buy the flood insurance. C, you go ahead and do it. And D, if we don't hear from you in 15 days, we're going to do it instead of you. And, Your Honor, that is exactly what the contract allows NationStar. No, I agree that that's what the contract allows. And which means that this letter is in no way inconsistent with NationStar's contract. But does that denude the letter from being, falling into the character of a debt? And this operation falling into the character of being conceived of as an effort to collect on a debt? No, Your Honor, because the least sophisticated consumer is not entitled to ignore all of the other information that she has at hand. She is, she is charged with knowledge of her contractual obligations. And these are not complicated contracts. The condominium writer is not that complicated. These contracts are very short. But the bottom line here is, this letter isn't governed by the FDCPA. And even if it were governed by the FDCPA, under the applicable test, you are taking a little language at the bottom of the letter, which the 10th Circuit and the 7th Circuit has recognized that these type of disclaimers don't automatically turn it into a communication governed by the FDCPA. The supplemental authority that we submitted last week, the Western District of New York looked at this exact language and says it doesn't change it into a letter governed by the FDCPA. The dire case out of the Middle District of Florida looked at similar language, said that wasn't enough because you don't look at this particular sentence in absolute isolation of every other piece of information that the recipient is required to have at hand. Does the Court have any other questions? Does the language exist in current documents? I'm just curious. Your Honor, I suspect that it does. And I note that given the penalties for not complying with the FDCPA, not having the language might very well be worse than having the language. Under the least sophisticated consumer test, this language is one factor that may be considered, but I submit the case law shows it is by no means. What's the purpose of having the language in the letter that says we are a debt collector and we're collecting a debt? Because if you were actually collecting a debt and didn't have the language, that would be a violation of the FDCPA. If this were actually a letter saying you owe us $5,000, which is what this letter does not say, and you didn't have that language, that would be a problem. Thanks very much. Thank you. Just to address one issue, which was the amendment issue, I think the Court's aware of there was a prior case filed by my client against this defendant wherein the defendant foreclosed on her house based on an erroneous notice, an erroneous letter. If I were to have leave to amend, we could amend to add those additional factors which are a possible prior foreclosure. This would go into her state of mind with respect to whether she's the least sophisticated. You asked for leave to amend in the district court? We did not. We did not. Because he moved, his order basically said, with prejudice, no, because any amendment would be futile. That was the context of the order, so we had no opportunity to do so. In response to the motion dismissed, did you file a motion for leave to amend? No, we did not. No, we did not. With respect to whether NationStar is the debt collector or not, if you take their argument and then you apply the Florida law with FCCPA, it applies to any person, not just an entity. If you were to exclude NationStar from the definition under FDCPA, they clearly would fall under the definition under FCCPA. I think I raised that in our reply, but the least sophisticated consumer should be able to get a letter which tells them, this is a letter to collect a debt. I am a debt collector. If a consumer, a least sophisticated consumer, can't look at that and say, this is a letter, I may be in trouble. I'm going to owe five grand. I'm not going to pay it. How on earth can they rely on it? It's pretty simple. This is a sophisticated company. They can send a letter which specifically says, this is not a letter. This is a notice pursuant to RESPA. That's not what they did in this case. They sent this letter. They put the boilerplate language in the letter. They put it at the bottom and they say it twice. In my view, it's a statement against interest. It's them telling us who they are. For the court to simply say, well, let's look behind it at the motion to dismiss stage, I think was erroneous. I think based on the case law and based on- But even if we were here on summary judgment, the arguments would be essentially the same, right? There's really nothing extrinsic that would bear on the debate. As to the specific- Yeah, yeah. I mean, as to whether it falls within the ambit of the statute or- Correct. As to FDCPA, yes, but also as to FCCPA, because I think they're trying to make that argument- I understand, but I'm just talking about the federal statute. Correct, correct. There's nothing that's extrinsic that would add anything to this lawsuit. It's at least this particular question that we're considering. Well, the extrinsic- Like I said, the extrinsic issue- What was extrinsic was made intrinsic by appending exhibits A and B to the complaint. Correct, correct. Understood. But I think if she is not the least sophisticated consumer getting this document, looking at it, how could this not be viewed as a letter to collect a debt? When somebody tells you it is a letter to collect a debt. It specifically asks for an amount. It says, if you don't do something, we're going to jam you for $5,000. We're going to put it on your mortgage. It's a reverse mortgage. We're going to take it out of your equity. It is a document. It says what it says, and it means what it says. For them to simply change the language, it would be quite easy, but they didn't do that. Under FDCPA, it's a strict liability statute. They made the mistake. Just like in the, I believe, the Reese case where the language of the letter mentioned, it misidentified the creditor. It said mortgage electronic recording services was the creditor. This court said specifically, well, that was a mistake. This is a violation of FDCPA, reversed. In this case, this specific letter, based on the language, is a violation of FDCPA. Thank you, Your Honor. Thank you both. We'll proceed with the last case on the morning.